UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------

| | : | |
|---|---|---|
| WELLS FARGO BANK, | : | CASE NO. 1:05-cv-2573 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | [Resolving Doc. Nos. 35, 38, 39] |
| WALLACE COWART, JR., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Ben Haire, Trustee, ("Haire") moves the Court to stay all proceedings and seeks an order from the Court allowing him to redeem the property at issue in this case. [Docs. 35, 38, 39.] For the reasons discussed below, the Court **DENIES** Defendant's motions.

I. Background

The Defendant filed essentially the same motions now at issue on the morning of March 12, 2007, the date of the scheduled sale of the property that is the subject of this case. [Docs. 30, 31, 32.] The Court denied both motions as moot because the Defendant did not file them within a time period sufficient to review them prior to the sale of the property. [Doc. 33.] The Defendant now renews both motions. [Docs. 35, 38, 39.]

II. Legal Standard

In reviewing a motion to vacate a default judgment, district courts must consider whether the opposing party would be prejudiced, whether the proponent has a meritorious claim or defense, and whether the proponent's culpable conduct led to the default. *Weiss v. St. Paul Fire & Marine Ins.*

-1-

Case No. 1:05-CV-2573
Gwin, J.

*Co.*, 283 F.3d 790, 794 (6th Cir. 2002); *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). The culpable conduct prong is to be examined first and, when relief is sought under Fed. R. Civ. P. 60(b)(1), the proponent must demonstrate that its default was the product of mistake, inadvertence, surprise, or excusable neglect. *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 209-10 (6th Cir. 1995) (*quoting Waifersong*, 976 F.2d at 292).

If the proponent is unable to demonstrate culpable conduct in this regard, the two remaining factors should not be examined and the motion to set aside the default judgment should be denied. *Id.* The court must both consider the Rule 55 equitable factors as enumerated in *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-46 (6th Cir.1983), and find that one of the specific requirements of Rule 60(b) is also met, before granting a motion to vacate a default judgment. *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996).

III. Analysis

In his motion to redeem, Defendant Haire says that he has the financing necessary to redeem the property at issue in this case. [35, 39.] The Defendant does not, however, explain (1) the basis for his standing, nor (2) what evidence supports his request that the court vacate default judgment. Accordingly, the Court denies all of the Defendant's pending motions.

With respect to the issue of standing, Defendant Haire is not actually a party to this action, a mortgagor of the instant property, or a debtor on the note at issue in this case. [Docs. 35, 38, 39.] Rather, Mr. Haire's interest in the property is based upon a General Warranty Deed executed more than a year after the Plaintiff filed its Complaint for Foreclosure on November 3, 2005. [Doc. 41.] Such an interest, even if valid, does not entitle Mr. Haire to a right to redeem pursuant to O.R.C. § 2329.33, which by its own terms extends only to debtors.

Case No. 1:05-CV-2573
Gwin, J.

Additionally, the Court agrees with the Plaintiff that Defendant Haire's General Warranty Deed is invalid under O.R.C. § 1336.05(A), which provides in relevant part:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

O.R.C. § 1336.05(A). Here, the Plaintiff's claim arose well in advance of the purported transfer. [Doc. 41.] Additionally, it is uncontested that the instant transfer was effected without consideration and that the debtor was insolvent at the time of the transfer. *Id.* Accordingly, the Court finds that Defendant Haire has no interest in the instant property and lacks standing to make any claims.

Moreover, even if the Defendant did possess standing he provides no evidence supporting his request that the Court vacate default judgment. If the Court granted the Defendant's request at this late date – after the property in question has been sold – the Plaintiff would be severely and unfairly prejudiced. Accordingly, the Court again denies the Defendant's motions to (1) stay all proceedings and (2) allow the Defendant to redeem the property at issue in this case.

### IV. Conclusion

As described above, the Court **DENIES** the Defendant's motions to stay all proceedings and to allow the Defendant to redeem the property at issue in this case.

IT IS SO ORDERED.


Dated: August 24, 2007          s/ *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE