UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
WELLS FARGO BANK, : CASE NO. 1:05-CV-2573
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 45, 47]
JACQUELINE DANIELS, ET AL., :
:
Defendants. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court are Defendants' motion to vacate the sheriff's sale and confirmation order and Defendants' motion for reconsideration of the Court's earlier order denying the Trustee's motion to stay confirmation of sale. [Doc. 45, 47.] Plaintiff Wells Fargo Bank has not opposed the motions. For the following reasons, this Court **DENIES** both of the Defendants' motions.

**I. Background**

On November 3, 2005, Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), successor by merger to Wells Fargo Home Mortgage, Inc., filed a complaint against Defendants for foreclosure on the property located at 19098 Hathaway Lane, Warrensville Heights, Ohio 44122. [Doc. 1.] Plaintiff alleged that Wallace Cowart, Jr., had defaulted on the note and mortgage that he executed before he died. Plaintiffs sought to foreclose on the mortgage against Defendants Jacqueline

Case No. 1:05-CV-2573
Gwin, J.

Daniels, heir and administratrix of the estate of Wallace Cowart, Jr.; any spouse of Jacqueline Daniels; National City Bank; and Bridgestone Firestone North American Tire, L.L.C., successor in interest to Firestone Tire & Rubber Co. (collectively, the "Default Defendants").

On February 8, 2006, the Court entered default judgment against the Defendants. [Doc. 16.] The Court granted Plaintiff's motion to proceed with the foreclosure sale at public auction. [Doc. 18.] On March 12, 2007, the property was sold by public auction. That same day, the Defendants filed a motion to stay execution and a motion to vacate judgment. [Docs. 30, 31, 32.] The Court, however, denied both motions as moot. [Doc. 33.] Trustee Ben Haire then filed motions to stay and to redeem the property. [Docs. 38, 39.] The Court denied these motions on August 24, 2007. [Doc. 42.]

On September 13, 2007, Defendants filed the instant motion for reconsideration of the Court's earlier order denying the Trustee's motion to stay confirmation of sale. [Doc. 45.] Along with this motion, Defendants filed a motion to vacate the sheriff's sale and confirmation in this matter. [Docs. 45, 47.] Defendants argue that Plaintiff did not negotiate in good faith prior to the sale of the property. Specifically, Defendants claim that Plaintiff issued an unreasonable short payoff approval letter, worked towards foreclosure instead of settlement, and avoided contact with the Defendants in the weeks leading up to the foreclosure sale. [Doc. 47.]

## II. Discussion

### A. Motion for Reconsideration

A motion for reconsideration is considered a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Such a motion is extraordinary and sparingly granted.

Case No. 1:05-CV-2573
Gwin, J.

*Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).  A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (internal citation omitted).

In the instant motion, Defendants do not argue that the Court's previous order denying Trustee's motion to stay confirmation of sale was a clear error of law.  Instead, Defendants seem to allege that they will experience manifest injustice upon judicial confirmation of the sale because the Plaintiff failed to negotiate in good faith prior to the foreclosure sale.  The Defendants, however, have cited no case law, statutory provisions, or contractual obligations that require Plaintiff to negotiate with Defendants after default and prior to sale.  The Court issued default judgment against the Defendants over a year before the sale of the property actually occurred.  Although contract law recognizes an implied covenant of good faith, this Court can find no precedent for the proposition that lenders have a good faith duty to renegotiate with borrowers after default.

Courts have routinely held that, without an explicit contractual or statutory duty, the mortgagee has no duty, let alone a duty to act in good faith, to try to work with the mortgagor to avoid foreclosure.  *See Travelers Ins. Co. v. Corporex Properties, Inc.,* 798 F. Supp. 423, 424 (E.D.

Case No. 1:05-CV-2573
Gwin, J.

Ky. 1992) (finding that commercial mortgagee had no duty to negotiate a "workout" agreement with mortgagor); *Charter One Bank, F.S.B. v. Kaigler,* 2000 WL 193245 (Ohio Ct. App. 2000) at *4 (noting that "Ohio courts have uniformly found that a lender does not act in 'bad faith' when it decides to enforce its contract rights" to foreclose); *Metropolitan Life Ins. Co. v. Triskett Illinois, Inc.,* 646 N.E.2d 528, 534 (Ohio Ct. App. 1994) (finding that "the decision of a lender in an arm's-length commercial transaction to enforce its contractual rights does not constitute an act of bad faith"); *Gaul v. Olympia Fitness Center, Inc.,* 623 N.E.2d 1281, 1287 (Ohio Ct. App. 1993) (holding that, as a matter of law, Defendant's bad faith defense "cannot defeat [bank's] right to seek judgment on the note and foreclose on its security when there has been no payment").

The Plaintiff was under no obligation to negotiate regarding the Defendants' default, and, even if such a duty existed, this Court is unconvinced that the Plaintiff acted in bad faith. Plaintiff was entitled to foreclose on the property, and the Defendants had over two years between Wallace Cowart's death and Plaintiff's sale of the property in which they could have conducted their own sale or negotiated a workout agreement with the Plaintiff. While the Court is sympathetic to the situation of Defendants, the Court finds no grounds to reconsider its earlier order denying the Trustee's motion to stay confirmation of sale. If the Court were to grant Defendants' motion now, after the property has already been sold, the Plaintiff would be severely and unfairly prejudiced.

### B. Motion to Vacate

Rule 60(b) of the Federal Rules of Civil Procedure establishes that, upon motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" in six specific situations. Fed. R. Civ. P. 60(b). A court may vacate its judgment in cases of (1)

Case No. 1:05-CV-2573
Gwin, J.

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) void judgments; (5) satisfied judgments; or (6) "any other reason justifying relief from the operation of the judgment." *Id.* The burden is on the defendant to prove that one of these factors exists. *Waifersong v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Here, the Defendants do not present clear analysis as to which of the above factors they believe justifies a court order vacating judgment. As with the above legal analysis discussing the Defendants' motion to reconsider, Defendants have alleged that Plaintiff negotiated in bad faith and that they should be given a chance to have the case determined on its merits. The Court, however, entered default judgment over twenty months ago and the property at issue was sold nearly seven months ago. The Defendants have presented no new evidence or compelling arguments that would require the Court to vacate its prior orders regarding the sheriff's sale. If the Court vacated its judgment, Plaintiff would experience manifest injustice because the sale has already occurred. The Court, therefore, does not find that Defendants are entitled to relief from the operation of judgment.

### III. Conclusion

For the above reasons, the Court **DENIES** the Defendants' motion for reconsideration and

Case No. 1:05-CV-2573
Gwin, J.

**DENIES** the Defendants' motion to vacate the sheriff's sale and confirmation order.

    IT IS SO ORDERED.


Dated: October 22, 2007                      s/        *James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE