UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| WELLS FARGO BANK, | : | CASE NO. 1:05-CV-2573 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. No. 46] |
| JACQUELINE DANIELS, ET AL., | : | |
| Defendants. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Trustee Ben Haire ("Applicant") moves to intervene in this foreclosure proceeding as a necessary party. [Doc. 46.] The motion is not opposed. For the following reasons, the Court **DENIES** the motion to intervene.

I. Background

On November 3, 2005, Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), successor by merger to Wells Fargo Home Mortgage, Inc., filed a complaint against Defendants for foreclosure on the property located at 19098 Hathaway Lane, Warrensville Heights, Ohio 44122. [Doc. 1.] Plaintiff alleged that Wallace Cowart, Jr., had defaulted on the note and mortgage that he executed before he died. Plaintiffs sought to foreclose on the mortgage against Defendants Jacqueline Daniels, heir and administratrix of the estate of Wallace Cowart, Jr.; any spouse of Jacqueline Daniels; National City Bank; and Bridgestone Firestone North American Tire, L.L.C., successor in

Case No. 1:05-CV-2573
Gwin, J.

interest to Firestone Tire & Rubber Co. (collectively, the "Default Defendants").

On February 8, 2006, the Court entered default judgment against the Defendants. [Doc. 16.] The Court granted Plaintiff's motion to proceed with the foreclosure sale at public auction. [Doc. 18.] On December 18, 2006, Defendant Jacqueline Daniels purported to deed the property at issue to Applicant Ben Haire. [Doc. 46.] On March 12, 2007, the property was sold by public auction. That same day, the Defendants filed a motion to stay execution and a motion to vacate judgment. [Docs. 30, 31, 32.] The Court, however, denied both motions as moot. [Doc. 33.] Applicant Haire then filed motions to stay and to redeem the property. [Docs. 38, 39.] The Court denied these motions on August 24, 2007. [Doc. 42.]

In denying Applicant's motions to stay execution of all prior orders and to redeem property, the Court found that Applicant had no standing because he was "not actually a party to this action, a mortgagor of the instant property, or a debtor on the note at issue in this case." [Doc. 42.] Applicant claimed an interest in the property based on a General Warranty Deed that was executed on December 18, 2006, more than a year after the Plaintiff filed its complaint for foreclosure. He alleged that Defendant Daniels transferred her interest in the property to him pursuant to this deed. This Court found that the General Warranty Deed was invalid under Ohio law because the Plaintiff's claim arose over a year before the transfer, the transfer was conducted without consideration, and the debtor was insolvent at the time of the transfer. Under state law, therefore, the purported transfer of interest in the property was fraudulent as to the Plaintiff. The Court concluded that "Haire has no interest in the instant property and lacks standing to make any claims." *Id.*

On September 13, 2007, Applicant Haire filed the instant motion to intervene as a party in

Case No. 1:05-CV-2573
Gwin, J.

the case.  [Doc. 46.]  For the following reasons, this Court **DENIES** the motion.

## II. Discussion

Rule 24(a)(2) of the Federal Rules of Civil Procedure permits a third party, upon timely motion, to intervene in an action as "of right" when:

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed R. Civ. P. 24(a)(2).  The Sixth Circuit Court of Appeals has "interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)).

To intervene as of right, the Applicant must first show that he timely filed his application. *See Michigan State AFL-CIO*, 103 F.3d at 1246.  To determine the timeliness of a motion to intervene, courts must consider the following factors: (1) the point to which the case has progressed; (2) the purpose for which the applicant seeks intervention; (3) the length of time preceding the motion during which the applicant knew or should have known of his interest in the case; (4) the prejudice to the original parties due to the applicant's failure to promptly intervene after he knew or reasonably should have known of his interest in the case; and (5) the existence of unusual

Case No. 1:05-CV-2573
Gwin, J.

circumstances weighing against or in favor of intervention. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989). In evaluating the timeliness of a motion to intervene, courts must consider "'all circumstances'. . . to determine the substantive progress that has occurred in the litigation." *U.S. v. Tennessee,* 260 F.3d 587, 592 (6th Cir. 2001). The Sixth Circuit has noted, "If the litigation has 'made extensive progress in the district court before the appellants moved to intervene' then this factor weighs against intervention." *Id.* (citing *NAACP v. New York,* 413 U.S. 345, 366 (1973)).

In this case, Applicant Haire became trustee of the designated property on December 18, 2006 and recorded his interest with the Cuyahoga County Recorder's Office on March 1, 2007. Applicant presumably knew of his alleged interest in the property on December 18, 2006, but did not file his motion to intervene with this Court until September 13, 2007. [Doc. 46.] Applicant provides no justification for his failure to timely file a motion to intervene in the foreclosure proceeding. If the Court were to grant Applicant's motion now, his intervention would occur nearly two years after the instant action was filed, twenty months after the Court entered default judgment against the Defendants, ten months after the Applicant allegedly acquired his interest in the instant property, and more than six months after the property at issue had already been sold. Applicant's purpose in intervening in the case is likely to try to prevent judicial confirmation of the sale of the property, and the Court finds that this attempt would significantly prejudice the existing parties at this late stage in the litigation. The Court thus finds that the motion to intervene is untimely.

Even if Applicant Haire's motion to intervene was timely filed, however, an applicant for intervention must also show that he has a "direct and substantial" legal interest in the case. *Grubbs*, 870 F.2d at 346. In evaluating an applicant's right to intervene, the Sixth Circuit has required the

-4-

Case No. 1:05-CV-2573
Gwin, J.

applicant to have a "significant protectable interest" in the litigation. *Jansen v. City of Cincinnati*, 904 F.2d 336, 341(6th Cir. 1990). The Sixth Circuit has "opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Michigan State AFL-CIO*, 103 F.3d at 1245.

Although the Court must liberally construe Applicant's interest in the case, this Court has already concluded that Applicant does not have a valid interest in the property at issue. [Doc. 42.] Applicant Haire allegedly acquired his interest from Defendant Jacqueline Daniels via a General Warranty Deed and a Trust Declaration, both executed on December 18, 2006 and recorded on March 1, 2007. However, the purported transfer is void under the Ohio Uniform Fraudulent Transfer Act, found at O.R.C. § 1336.05(A). The Act provides:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

O.R.C. § 1336.05(A).

In this case, Plaintiff filed its complaint for foreclosure over thirteen months before Applicant acquired his alleged interest in the property. Indeed, the Court had already entered default judgment against the parties and granted Plaintiff's motion to proceed with the foreclosure sale at public auction before Defendant Daniels allegedly transferred her interest to Applicant through the General Warranty Deed and the Declaration of Trust. This Court already noted "it is uncontested that the instant transfer was effected without consideration and that the debtor was insolvent at the time of the transfer." [Doc. 42.] Applicant thus did not receive a valid interest from Defendant

Case No. 1:05-CV-2573
Gwin, J.

Daniels pursuant to this transaction.

Even if the purported transfer to Applicant Haire was valid, any interest acquired by Applicant at that late stage in this litigation would be post lis pendens and thus subject to the outcome of the foreclosure proceeding. Accordingly, Applicant Haire would not be permitted to delay or stop the judicial confirmation of the sale of the property at issue. Although Applicant's name now appears on the title to the property, this Court finds that his legal interest is not direct, substantial, or significantly protectable as required by the Sixth Circuit.

Similarly, the Court, in its discretion, does not find adequate grounds to allow Applicant to intervene under the doctrine of permissive joinder. Rule 24(b) of the Federal Rules of Civil Procedure enables courts, in their discretion, to permit intervention of third parties when the applicant's claim or defense and the main proceeding have "a question of law or fact in common." Fed. R. Civ. P. 24(b). Rule 24(b) instructs courts to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

Here, the Court finds that permitting Applicant to participate in the present case would result in undue delay and prejudice towards the rights of the Plaintiff. The Plaintiff initiated foreclosure proceedings nearly two years ago and the property has already been sold. Based on the analysis above, Applicant Haire does not appear to have any valid interest by which he could attempt to postpone or cancel the sale.

Although the Court recognizes the hardship experienced by Applicant and Defendants in this foreclosure proceeding, the Court finds that Applicant is not entitled to intervene in the matter as a necessary party because his motion to intervene is untimely and his interest in the property is not

Case No. 1:05-CV-2573
Gwin, J.

substantial. The Court, in its discretion, also finds no grounds on which to allow Applicant Haire to intervene under the doctrine of permissive intervention.

### III. Conclusion

For the above reasons, the Court **DENIES** Applicant Ben Haire's motion to intervene.

IT IS SO ORDERED.


Dated: October 25, 2007                      s/         *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE